### In re COUNSELMAN.

*(Circuit Court, N. D. Illinois. December 11, 1890.)*

PRIVILEGE OF WITNESS—GRAND JURY—CONSTITUTIONAL LAW.

Under Rev. St. U. S. § 860, providing that "no * * * evidence obtained from a party or witness by means of a judicial proceeding * * * shall be given in any evidence, or in any manner used against him * * * in any court of the United States, in any criminal proceeding," a witness before a grand jury which is investigating alleged violations of the interstate commerce law by a certain railroad company cannot claim the privileges of the fifth amendment to the United States constitution, which provides that no person shall be compelled to be a witness against himself in a criminal case, and refuse to answer questions on the ground that the answer would tend to criminate him.

Petition for Writ of *Habeas Corpus.*

*Mr. Milchrist,* U. S. Dist. Atty., *Mr. Ingham;* and *Mr. Lambertson,* for the United States.

*J. M. Jewett* and *Sidney Smith,* for Counselman.

*C. M. Osborn,* for Rock Island Railroad Company.

GRESHAM, J. On November 20, 1890, the grand jury for the northern district of Illinois was engaged in investigating alleged violations of the interstate commerce law by the officers and agents of the Chicago, Rock Island & Pacific Railway Company, the officers and agents of the Chicago, St. Paul & Kansas City Railway Company, and the officers and agents of the Chicago, Burlington & Quincy Railroad Company, and, in obedience to a subpœna served on him, Charles Counselman, a commission merchant of Chicago, who was engaged in shipping grain from points west of Illinois to the city of Chicago, over all or some of the roads named, appeared, and was sworn as a witness. After testifying that during the summer of 1890 he had received grain over the Rock Island and Burlington roads, he refused to answer the following questions propounded to him by the grand jury, for the reason that his answers would tend to criminate him:

"Have you, during the past year, Mr. Counselman, obtained a rate for the transportation of your grain on any of the roads coming to Chicago from points outside of this state less than the tariff or open rate? During the past year, have you received rates upon the Chicago, Rock Island & Pacific and the

Burlington from points outside of the state to the city of Chicago at less than the tariff rates? Have you, or the firm of Charles Counselman & Company, received any rebate, drawback, or commission from the Chicago, Rock Island & Pacific Railroad Company, or the Chicago, Burlington & Quincy Railroad Company, on the transportation of grain from points in the states of Nebraska and Kansas to the city of Chicago, in the state of Illinois, during the past year, whereby you secured transportation of said grain at less than the tariff rate established by said railroads?"

On November 22, 1890, the grand jury appeared in the district court, and informed it, in writing, of the questions which had been submitted to Counselman, and of his refusal to answer the same, and asked for direction in the premises. The court at once entered an order requiring Counselman to show cause why he should not answer the questions. Counselman appeared by counsel, and, after argument, the court ordered that the witness appear before the grand jury without delay, and make full answers to the questions which he had refused to answer. On November 25th, the grand jury again appeared in open court, and filed a written report, showing that the questions had been repeated to Counselman, and he had refused to answer them, giving the same reason therefor that he had given in the first instance; and, being present in court, and still persisting in his refusal, it was adjudged that he was in contempt, that he be fined $500, and held in custody by the marshal until he paid the fine, and made full answers to the questions before the grand jury. Counselman was taken into custody, after which he filed his petition before this court, alleging that the action of the grand jury and the district court was unauthorized and void, and praying that a writ of *habeas corpus* be issued, directed to the marshal, requiring him to bring the petitioner before this court, and that he be discharged from arrest. In his return the marshal set up the order of the district court as his authority for depriving the prisoner of his liberty.

The fourth amendment to the constitution of the United States declares that the people shall be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, and the fifth amendment declares that no person shall be compelled in any criminal case to be a witness against himself. It was urged in behalf of Counselman that the questions which he refused to answer violated the privilege secured to him by these amendments. By the interstate commerce law, it is made a criminal offense, punishable by fine and imprisonment, for any officer or agent of a railroad company to grant to any shipper of merchandise from one state to another, and for any shipper to contract for or receive, a rate less than the tariff or open rate. Shippers, as well as officers, agents, and employes of corporations engaged in the carrying business between states, are made subject to the penalties of the statute. Section 860 of the Revised Statutes of the United States declares that—

"No pleading of a party, nor any discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country, shall be given in evidence, or in any manner used against him, or his property or estate, in any court of the United States, in any criminal proceeding, or for the enforcement of any penalty or forfeiture."

Under the fifth amendment, a person cannot be compelled to disclose facts before a court or grand jury which might subject him to a criminal prosecution, or his property to forfeiture. If, however, there be a statute which declares that the testimony of a witness in a case or proceeding shall never be repeated against him or his property in any other case or proceeding, there is no necessity for claiming the privilege secured by the amendment. If the protection of section 860 is co-extensive with that of the constitution, a witness is entitled to no privilege under the latter. In effect, Counselman says: If I should answer the questions, it would appear that I have violated the interstate commerce law, and my admissions might be offered against me hereafter. The sufficient answer to that position is, should he hereafter be prosecuted for the offense, section 860 would not permit his admissions to be proven against him. The privilege cannot be claimed when it appears that the witness has been acquitted or convicted of the offense about which he is asked to testify, that he has been pardoned for it, or that it has been barred by lapse of time; and, should Counselman answer the questions which he refused to answer, his disclosures could never be used against him or his property in any subsequent proceeding.

*Boyd* v *U. S.*, 116 U. S. 616, 6 Sup. Ct. Rep. 524, is relied on as justifying Counselman in his attitude before the grand jury. That was an information against 35 cases of plate-glass, which had been seized as forfeited to the United States for fraud against the customs laws. The penalty prescribed by the section under which the seizure was made was fine and imprisonment, and forfeiture of the merchandise fraudulently entered. The information charged that the alleged fraud was committed by the owner of the goods. The owner entered a claim for the goods, and in his answer denied that they had become forfeited. It became necessary to show the quantity and quality of 29 cases of plate-glass previously imported by the owner, and, for the purpose of doing that, the district attorney offered in evidence an order which he had obtained from the district judge, requiring the claimant to produce the invoice of the 29 cases. The owner obeyed the order under protest, insisting that he could not be required to furnish evidence against himself, and that the statute under which the district attorney had obtained the order was in violation of the fourth and fifth amendments to the constitution. The invoice was read in evidence, and there was a verdict and judgment of forfeiture against the property. The statute under which the district court entered the order for the production of the invoice declared that if a defendant or claimant failed or refused to produce any book, invoice, or paper, in obedience to an order of the court for its production, the allegations contained in the petition for the order should be taken as confessed.

The supreme court held that, although the proceeding was in form one against the property, it was, in effect, against the owner for its forfeiture, and that the order of the district court, and the statute under which it was made, were both in violation of the fourth and fifth amendments. This case is clearly distinguishable from the Counselman case. In the former

the owner was treated as defendant, and he was required to produce evidence upon which a judgment of forfeiture might be entered against his own goods. Counselman refused to testify in a proceeding before the grand jury, to obtain evidence, not upon which he might be indicted, but upon which others might be indicted. It is further urged in behalf of Counselman that, should he testify before the grand jury in obedience to the order of the district court, he might disclose facts and circumstances which, although immaterial in themselves, would open up sources of information to the government, whereby it might obtain evidence not otherwise obtainable to secure his conviction, and that therefore the immunity secured by section 860 is not equal to the protection of the fifth amendment. That amendment was adopted, not to shield men from the consequences of their crimes, but that they might not be obliged to furnish evidence of their own guilt; and when the disclosures of a witness, however guilty they may show him to be, can never be repeated in any subsequent proceeding against him or his property, he is as fully protected as the constitution intended he should be. If, through threats or fear of violence, a man confesses that he has committed murder, and states who was present at the time, and where the weapon and the dead body may be found, and he is afterwards put on trial for the offense, he cannot be confronted with his confession; but the person who saw the crime committed is a competent witness, although the prosecutor might never have known there was such a witness but for the confession, and it may be shown by others that the weapon and dead body were found where the defendant said they could be found.

The petition is dismissed, and the petitioner will remain in the custody of the marshal.